**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARIA MAGDALENA VALENZUELA CAMPOS; ASTRID ANAHY VALENZUELA CAMPOS, | No. 18-72555 |
| Petitioners, | Agency Nos. A206-848-630 A206-848-631 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2020**
San Francisco, California

Before: WARDLAW and COLLINS, Circuit Judges, and EATON,*** International
Trade Judge.

Maria Valenzuela Campos (Valenzuela) and her minor daughter, natives and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard K. Eaton, Judge of the United States Court of
International Trade, sitting by designation.

citizens of Honduras, petition for review of the Board of Immigration Appeals's (BIA) (1) denial of their claim that the Immigration Judge (IJ) faulted Valenzuela for not submitting evidence that corroborated her testimony, without providing her notice and opportunity to gather such evidence and (2) affirmance of the IJ's denial of their applications for asylum and withholding of removal. They also now contend that the Immigration Court lacked jurisdiction over their removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. The Immigration Court properly exercised jurisdiction over Valenzuela's removal proceedings. "A notice to appear need not include time and date information" for jurisdiction to vest in the Immigration Court. *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019). *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), is not controlling because "the Immigration Court's jurisdiction does not hinge on [8 U.S.C.] § 1229(a)." *Karingithi*, 913 F.3d at 1159.

2. The BIA properly rejected Valenzuela's corroborative evidence claim. As *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), and its progeny explain, the Real ID Act provides that an "IJ *may* require corroborative evidence" from a credible asylum applicant whose testimony does not alone sustain her burden of proof. *Id.* at 1093 (emphasis added). If the IJ so requires, he "must give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably

2

available." *Id.* Here, however, the IJ neither requested corroborative evidence nor faulted Valenzuela for not submitting such evidence. Therefore, *Ren*'s notice-and-opportunity requirement was inapplicable. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

3.      Substantial evidence supports the BIA's denial of Valenzuela's applications for asylum and withholding of removal. Valenzuela bore the burden of proving that her status as a single mother was a "central reason" (for asylum purposes) or at least "a reason" (for withholding of removal purposes) for her past or future persecution by Honduran gangs. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59 (9th Cir. 2017). This showing required more than a "desire to be free from harassment by criminals motivated by theft or random violence by gang members." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).[1]

Valenzuela testified that gangs would target her upon her return to Honduras "just for gang recruitment and gang violence." Meanwhile, she attributed the robberies and threats she suffered in the past to her being "a weak woman" and the lack of "security" or effective policing in Honduras. Given this record, substantial

---

[1] Valenzuela's petition does not challenge the BIA's conclusions regarding her eligibility for asylum or withholding of removal on the basis of her nationality or the proposed particular social groups of "Americanized individuals" or "individuals who might be subject to gang recruitment." Meanwhile, the petition's vague references to her eligibility for relief under the Convention Against Torture are misplaced, as she abandoned that claim before the IJ. We therefore do not consider Petitioners' eligibility for relief on any of these grounds.

evidence supports the IJ's finding that there was "no evidence linking [her] status as a single mother to her victimization." *Cf. Regalado-Escobar v. Holder*, 717 F.3d 724, 730 (9th Cir. 2013) ("Regalado presented little evidence that his attackers were motivated by anything other than his refusal to join them, increase their ranks, and participate in their violent activities. . . . Regalado offered no evidence to show that his attackers were even aware of his [protected ground].").[2]

**PETITION DENIED.**

---

[2] The IJ's decision predated *Barajas-Romero*, and he thus wrongly applied the "central reason" standard to Valenzuela's withholding of removal claim. But because the IJ found "no evidence linking [Valenzuela's] status as a single mother to her victimization," "neither the result nor the [IJ's] basic reasoning would change" as to Valenzuela's application for withholding of removal, *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam). Thus, remanding this matter is unnecessary. *See id.*

4